JOHN SILCOX, and others, vs. JOHN NELSON, and others.

## Bill for Discovery and Relief.

1st. Under the Act of 1838, the widow and children of a testator, or an intestate, are entitled to one year's maintenance out of his estate, without reference to its solvency.

2nd. A bill for one year's maintenance of a decedent's family, and praying an account of the co-partnership against his executors, and a surviving partner, and charging a combination, is multifarious; and one of the causes of complaint will be stricken out.

The Bill, in this case, seeks discovery and relief—first, for the maintenance of the widow and children of the deceased, for one year after his death, under the provisions of the Act of 1838.

And to this part of the Bill the defendants demur, and insist, that the provisions under the Act of 1838, are only applicable to those cases where the estate is insolvent; but if the estate be solvent, and the widow and children have any thing in distribution coming to them, that their maintenance must be deducted from such distributive share.

The Court overrules this demurrer, upon the ground, that by the statute above referred to, the widow and children attached to the family of the deceased, at the time of his death, are entitled to a year's support, whether they have any more coming to them by way of distribution, or not—the Legislature intending to place the estate for one year, under the same duty, as to the maintenance of the wife and children, as the father would have been, if in life.

The Bill also prayed discovery from *John Nelson* and *James Harper*, as executors of *Matthew Nelson*, dec'd.; and also prayed an account against one *William Nelson*, of the co-partnership between said *William Nelson* and the testator *Matthew Nelson*, dec'd.— and charged combination, between the executors and the surviving co-partner. And to this part of the Bill, the defendants also demur-

[Silcox and others vs. Nelson and others.]

red for *multifariousness*, the complainants seeking to bring before the Court, separate and distinct matters in no wise connected, and with which *William Nelson*, the partner, has no interest, and was in no wise accountable, to wit: the year's maintenance of the widow and children.

In looking into the subject matter of this Bill, the Court decides, that the claim set up by the widow and children, for a year's maintenance, is in no wise connected with *William Nelson*, the surviving co-partner: This is a distinct claim, and is only between the widow and children, and the two executors of the Will of deceased.

The Court, therefore, decides, that this Bill is multifarious, and sustains the demurrer to that part of the Bill; and it is ordered, that the complainants amend their Bill, by striking out one of the causes of complaint, so improperly joined.

<div style="text-align:right">

JOHN SCHLY, Judge
*Superior Courts, Middle District, Georgia.*